IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DR. NANCY MONDERO, JUDY L. HOWETT NP, MARGARET M. SAWYER, TANIKKA R. MILLER, and MARIAN L. LONG,<br><br>Plaintiffs;<br><br>v.<br><br>LEWES SURGICAL & MEDICAL ASSOCIATES P.A., *a Delaware Professional Association*, SEMAAN M. ABBOUD M.D., BETH E. BITTNER,<br><br>Defendants. | Civil Action No. 14-588-RGA |

## MEMORANDUM ORDER

Before me is Plaintiffs Dr. Nancy Mondero, Judy L. Howett NP, Margaret M. Sawyer, Tanikka R. Miller, and Marian L. Long's Motion for Reargument (D.I. 75) relating to my summary judgment opinion (D.I. 71) and separate Order (D.I. 72). I have considered Plaintiffs' motion and Defendant Lewes Surgical & Medical Associates, P.A.'s response. (D.I. 75; D.I. 78). For the reasons set forth herein, the motion is **DENIED**. Familiarity with the summary judgment decision is presumed.

Reargument is generally appropriate only when there is: "(1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) [an] availability of new evidence [that was] not available when the judgment was granted." *Apeldyn Corp. v. AU Optronics Corp.*, 831 F. Supp. 2d 837, 840 (D. Del. 2011). "Motions for

1

reargument or reconsideration may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'" *Id.*

Plaintiffs' request reargument on two issues: (1) my finding that Plaintiffs failed to sufficiently demonstrate for summary judgment purposes that they engaged in protected activity at times other than at the November 1, 2012 meeting, and (2) my finding that Plaintiffs failed to put forward sufficient evidence of causation to meet their prima facie case. (D.I. 75 at pp. 2–4; D.I. 71 at pp. 3–7).

As to the first issue, Plaintiffs argue that paragraphs four through seven of Beth Bittner's Affidavit "speak[] to the office environment not only at the time of the meeting on November 1, 2012 and continuing through Plaintiffs' termination in January 2013" and suggests that there were other instances where Plaintiffs engaged in protected activity. (D.I. 75 at pp. 2–3). In my opinion, I noted that Plaintiff failed to provide "exhibits or declarations specifically indicating what and where these other times were." (D.I. 71 at 5). My comment was made with paragraphs four through seven of Bittner's affidavit in mind.

Paragraphs four through seven of Bittner's Affidavit do not provide the requisite level of specificity. (*See* D.I. 64-1 at 24–25). It does not specifically indicate other instances where Plaintiffs engaged in protected activity. (*See id.*). Paragraph four states that "resentment grew and Dr. Abboud was accused of agreeing to my policy changes and protecting me because of our relationship." (*Id.* ¶ 4). This does not specifically indicate when and how Plaintiffs engaged in protected activity. This is too vague. In contrast, paragraphs five and six do provide a specific instance detailing the November 1, 2012 meeting, and I have found that the Plaintiffs engaged in protected activity at this instance. Paragraph four fails to provide this level of specificity. Paragraph seven states that: "In early January 2013, the office work environment was even more

hostile. . . . The drama and tension in the office was unbearable." (*Id.* ¶ 7). This, like paragraph four, fails to specifically indicate when and how Plaintiffs engaged in protected activity. Paragraph seven is too vague.

Plaintiffs' request is denied as to the first issue.

As to the second issue, Plaintiffs argue that paragraphs eight and nine of Bittner's Affidavit "establish[] clear evidence that there was a connection between the protected activity and the adverse employment action." (D.I. 75 at p. 3). Paragraphs eight and nine provide the following:

> 8. Following my resignation, Dr. Abboud contacted me and 'begged' me to return to work. He promised me that things would be different and that he would take care of the problem. I agreed to return to work and reassume the office manager position.
>
> 9. Following my return, Dr. Abboud instructed me, and authorized me, to terminate Dr. Mondero, Judy Howett, and their staff, including Margaret Sawyer, Marian Long and Tanikka Miller. Upon information, knowledge and belief, Dr. Abboud saw Dr. Mondero and Judy Howett, and their staff, as the problem makers simply because they would not accept the changes and complained about my job performance and their belief that Dr. Abboud was agreeing with my decisions and protecting me solely as a result of our relationship.

(D.I. 64-1 ¶¶ 8–9).

First, these paragraphs are speculative and conclusory as to why Dr. Abboud authorized the termination of Plaintiffs. Second, even if they were not so, these paragraphs are too vague to support the inference that Dr. Abboud fired Plaintiffs because of the November 1, 2012 meeting. Bittner states that Dr. Abboud "promised me that things would be different and that he would take care of the problem." What exactly did he promise? What is the problem he is referring to? Is the problem Plaintiffs' actions during the November 1, 2012 meeting or something else? Paragraph nine is equally vague. What exactly does Bittner believe that Dr. Abboud believes are the "changes" Plaintiffs "would not accept"? Third, Bittner's testimony suggests that a reason

3

other than retaliation was the real reason for Dr. Abboud's decision to fire Plaintiffs. These paragraphs suggest that Dr. Abboud made the decision to terminate out of a desire to please Bittner. Bittner says that Plaintiffs complained about Bittner's job performance to Dr. Abboud. Furthermore, Bittner characterizes Plaintiffs as believing that Dr. Abboud was protecting Bittner "solely as a result of [Bittner and Dr. Abboud's] relationship." In sum, these paragraphs fail to add the requisite evidence to support a prima facie case of causation, which "must be proved according to traditional principles of but-for causation . . . ." *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013).

Plaintiffs' request is denied as to the second issue.

**NOW, THEREFORE,** at Wilmington this 17 day of January, 2017, it is **HEREBY ORDERED** that Plaintiffs' motion for reargument (D.I. 75) is **DENIED**.

Richard G. Andrews
United States District Judge