IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DR. NANCY MONDERO, JUDY L.
HOWETT NP, MARGARET M. SAWYER,
TANIKKA R. MILLER, and MARIAN L.
LONG,

                Plaintiffs;

v.

LEWES SURGICAL & MEDICAL
ASSOCIATES P.A., *a Delaware Professional
Association*, SEMAAN M. ABBOUD M.D.,
BETH E. BITTNER,

                Defendants.

Civil Action No. 14-588-RGA

## MEMORANDUM ORDER

Pending before the court is Plaintiff Howett's motion for leave to amend her complaint. (D.I. 74). On November 3, 2016, I denied Defendants' motion for summary judgment on Plaintiff Howett's fraud/restitution claim. (D.I. 71 at 9; D.I. 72). I did so "out of basic fairness" and encouraged Plaintiff Howett "to amend her claim to state an actionable theory." (D.I. 71 at 9–10). Plaintiff's proposed amended complaint contains the following claims: (1) Title VII of the Civil Rights Act, Retaliation, (2) Fraud/Restitution of Meaningful Use Funds (as to Howett only), (3) Breach of Implied Contract (Quasi-Contract) (as to Howett only), (4) Breach of Fiduciary Duty (as to Howett only), (5) Intentional Interference with Business Relations (as to Howett only), (6) Common Law Misappropriation/Civil Theft (as to Howett only), (7) Unjust Enrichment (as to Howett only), (8) Conversion (as to Howett only), and (9) Replevin (as to Howett only). (D.I. 74 at pp. 15–25).

1

## I. LEGAL STANDARD

Under the relevant portion of Fed. R. Civ. P. 15(a), Plaintiffs may amend their pleading with the court's leave. The "grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). A court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Amendment, however, is not automatic." *Szubielski v. Pierce*, 152 F. Supp. 3d 227, 232 (D. Del. 2016). Leave to amend may be denied upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted." *Szubielski*, 152 F. Supp. 3d at 233.

## II. DISCUSSION

Defendants argue that Plaintiff's motion should be denied based on futility. Defendants assert that the proposed complaint fails under collateral estoppel and res judicata. I disagree.

### A. Collateral Estoppel

"The doctrine of collateral estoppel is designed to provide repose and put a definite end to litigation." *Columbia Cas. Co. v. Playtex FP, Inc.*, 584 A.2d 1214, 1216 (Del. 1991). "Under . . . [this] doctrine, where a question of fact essential to the judgment is litigated and determined by a valid and final judgment, the determination is conclusive between the same parties in a subsequent case on a different cause of action." *Id.*

Here, the core issue is whether Medicare and Medicaid Electronic Health Records Incentive Program funds ("incentive funds") possessed by Defendant Lewes Surgical properly

2

belongs to Plaintiff Howett. Defendant argues that this issue was litigated in the previous Superior Court action.

The relevant facts are as follows. The complaint in the Superior Court action asserts a cause of action for "Breach of Employment Contract and Implied Covenant of Good Faith and Fair Dealing" by Howett against Lewes Surgical. (D.I. 77-1 at 5). Howett alleged, "Defendant failed to properly calculate [Howett]'s income for purposes of determining bonus payments," (*Id.* ¶ 35) and that such a bonus was owed to Howett (*Id.* ¶¶ 18, 29–38). In the Amended Pre-Trial Stipulation and Order, Howett claimed that she "earned $198,294.00 for Lewes Surgical in 2010." (D.I. 59-4 at 5). This was based on a spreadsheet. (*Id.*). After some exclusions and some calculations, the bonus owed was alleged to equal $40,142.40. (*Id.*). Defendant claims that Howett's bonus calculations relied on data suggesting that incentive funds belonged to Defendant. (D.I. 77 at 3; D.I. 77-1 at 10, 12–14; D.I. 83 at 2). It appears that Howett did rely on such data to support her bonus calculations. Presumably, had her data not relied on the implied fact that the incentive money belonged to Defendant, the bonus figure she sought would have been lower. It is unclear from the record before this Court what position, if any, the Superior Court took as to this issue, because the Order of Judgment only stated that, as to "Howett's claim for recovery of bonus money withheld, the Court finds in favor of Defendant and against Plaintiff and therefore, the claim is dismissed." (D.I. 77-2 at 7 ¶ V).

I do not think that Defendant has adequately shown, at this stage, that the core issue in the proposed amended complaint was essential to the prior action. It is unclear from the Superior Court's Order of Judgment what role incentive funds played in the ultimate outcome. In other words, it does not necessarily follow from the Order of Judgment that the incentive funds did not properly belong to Howett. The Superior Court did not make any findings as to whether it

3

accepted the fact that the incentive funds were in fact Defendant Lewes Surgical's. Rather, the Order of Judgment suggests that the opposite conclusion might be true. (*See* D.I. 77-2 at 7 ¶ VII ("As to [Lewes Surgical's] Claim against Nancy Mondero for recovery of Electronic Medical Records incentive money, the claim is dismissed.")). Thus, Defendant has failed to show, at this stage, that Plaintiff's motion to amend is futile on collateral estoppel grounds.

### B. Res Judicata

"Res judicata operates to bar a claim where the following five-part test is satisfied: (1) the original court had jurisdiction over the subject matter and the parties; (2) the parties to the original action were the same as those parties, or in privity, in the case at bar; (3) the original cause of action or the issues decided was the same as the case at bar; (4) the issues in the prior action must have been decided adversely to the appellants in the case at bar; and (5) the decree in the prior action was a final decree." *LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185, 192 (Del. 2009). "Delaware, like the federal courts, follows a transactional approach to res judicata." *Id.* at 193. "Determining whether two claims arise from the same transaction requires pragmatic consideration, with the fact finder 'giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Id.* "Two claims 'derive[d] from a common nucleus of operative fact[s]' arise from the same transaction." *Id.*

Federal courts consider the following four factors to determine whether the original cause of action is the same as that in the case at bar: "(1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to

4

maintain the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same." *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984) (citations omitted). "These factors are the components of 'an essential similarity of the underlying events,' and provide sufficient guidance for assessing when there is not a single cause of action." *Id.* The *Athlone* factors provide a useful framework for considering the factors for determining whether two claims arise from the same transaction in *LaPoint*.

I do not think that Defendant has adequately shown that, at this stage, the present suit is based on the same cause of action as the prior suit. Under the first *Athlone* factor, the prior suit complained that Defendant failed to provide Howett with her bonus money. Here, Howett is complaining that Defendants failed to give her incentive funds that she alleges are rightfully hers. The prior suit demanded her bonus money as the form of relief. Here, she is demanding her incentive funds, which is for a different wrong. This factor weighs in favor of Howett.

As to the second factor, the theory of recovery in the prior suit for the recovery of the bonus money, is based on breach of contract. Here, at least with respect to replevin, Howett has to show that the incentive funds were her property. That is a different theory of recovery. This factor weighs in favor of Howett.

As to the third factor, Defendant has extensively shown that the witnesses and documents necessary at trial here are the same as those used in the prior action. (*See generally* D.I. 77; D.I. 83). This factor heavily weighs in favor of Defendant.

As to the last factor, a comparison of the complaint of the prior action and the proposed amended complaint in the present action shows that the material facts alleged are different. The complaint in the prior action does not address the issue of who owns the incentive money as

between Howett and Lewes Surgical. (*Compare* D.I. 77-1 at 2–8, *with* D.I. 74). This factor weighs in favor of Howett.

As an additional consideration, Defendant urges that I consider that Plaintiff could have amended her complaint in the prior action to include what she is asserting before me now. (D.I. 83 at pp. 2–3). This argument has neutral weight, because while this may be true, it appears that Plaintiff has colorable reasons for why doing so may not have been feasible or practical. (*See* D.I. 80 at 11–13).

This is a very close call. Overall, I find that Defendant has failed to show, at this stage, that Plaintiff's motion to amend is futile on res judicata grounds.

**NOW, THEREFORE,** at Wilmington this 17 day of January, 2017, it is **HEREBY ORDERED** that Plaintiffs' motion for leave to amend (D.I. 74) is **GRANTED**. Some of the counts replace counts I previously resolved against Howett. She should not interpret this Order to mean that I am going to reconsider my previous decisions.

Richard G. Andrews<br>
United States District Judge