IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DR. NANCY MONDERO, JUDY L. HOWETT NP, MARGARET M. SAWYER, TANIKKA R. MILLER, and MARIAN L. LONG, <br><br> Plaintiffs; <br><br> v. <br><br> LEWES SURGICAL & MEDICAL ASSOCIATES P.A., *a Delaware Professional Association*, SEMAAN M. ABBOUD M.D., BETH E. BITTNER, <br><br> Defendants. | Civil Action No. 14-588-RGA |

## MEMORANDUM ORDER

Before me is Defendants' Semaan N. Abboud, M.D., and Lewes Surgical & Medical Associates, P.A.'s ("Defendants") Motion for Attorney's Fees. (D.I. 73). I have considered Defendants' opening brief and Plaintiffs' response. (*Id.*; D.I. 87). Defendants did not file a reply. Familiarity with the summary judgment decision (D.I. 71; D.I. 72) and reargument decision (D.I. 84) is presumed.

Defendants seek recovery of attorney's fees under 42 U.S.C. § 2000e-5(k). (D.I. 73 at 3). The statute provides:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

1

42 U.S.C. § 2000e-5(k). "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978).

"'[F]rivolous, unreasonable, or without foundation,' in this context, implies 'groundless . . . rather than simply that the plaintiff has ultimately lost his case.'" *E.E.O.C. v. L.B. Foster Co.*, 123 F.3d 746, 751 (3d Cir. 1997). "[I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* "It is clear from *Christiansburg* that attorney's fees [to a prevailing Title VII defendant] are not routine, but are to be only sparingly awarded." *Id.*

"In determining if an award of counsel fees to a Title VII defendant is appropriate, courts should consider several factors including '(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.'" *Id.* "These factors are, however, guideposts, not hard and fast rules." *Id.* "Determinations regarding frivolity are to be made on a case-by-case basis." *Id.*

Defendants argue that Plaintiffs failed to make a prima facie case for both Counts I and II.[1] (D.I. 73 at 4). While it is true that I ultimately found that Plaintiffs did not establish a prima facie case, Plaintiffs did put forward some evidence as to the existence of a causal connection,

---

[1] Count I was a Title VII claim. Count II was the state law counterpart to Title VII.

2

such as timing evidence and Bittner's affidavit. (D.I. 71 at 6; D.I. 84 at 3–4). Although I found that the evidence fell short, I cannot say that Plaintiff's causation case was completely without foundation. *See E.E.O.C.*, 123 F.3d at 751 ("[I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."). For example, Plaintiffs' timing evidence would have been comparable to that in *Fasold v. Justice*, 409 F.3d 178 (3d Cir. 2005), had Plaintiffs provided stronger evidence of retaliatory animus. (D.I. 71 at 6). Plaintiffs were not pursuing a frivolous case.

Defendants argue that they offered to settle with Plaintiffs at mediation and made a significant offer to do so. (D.I. 73 at 4). Plaintiffs contend that they also made numerous offers of settlement and that Defendants' offers were at best nominal. Plaintiffs allege that Defendants were unreasonable in negotiating. (D.I. 87 at 5–6). Without actual numerical information about the negotiation, I cannot say whether Defendants made a reasonable offer or whether Plaintiffs acted unreasonably.

Defendants argue that Counts I and II were decided prior to trial. (D.I. 73 at 4). While it is true that these counts were decided at summary judgment, it is also true that I allowed Plaintiffs' retaliation theory to proceed after a motion to dismiss. (D.I. 21; D.I. 22).

With all of this in mind, Defendants fall short of establishing that Plaintiffs' actions with respect to Counts I and II were frivolous, unreasonable, or without foundation.

**NOW, THEREFORE,** at Wilmington this ___ day of May, 2017, it is **HEREBY ORDERED** that Defendant's motion for attorney's fees (D.I. 73) is **DENIED**.

*[signature]*
United States District Judge

3